O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TILMON WALKER, | ) | CASE NO. CV 09-02785 AG (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| LINDA SANDERS, et al., | ) ) | |
| Defendants. | ) ) | |

The Court will dismiss the initial complaint due to certain pleading flaws, but because they may be correctable, the Court will allow Plaintiff leave to file an amended complaint within 30 days.

**I.**

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

The *pro se* and *in forma pauperis* Plaintiff in this civil rights action, Tilmon Walker, is a federal inmate housed at Lompoc. Plaintiff alleges that, starting late in December of 2008, the following wrongful conduct occurred, although the precise chronology is unclear:

(1)   After Plaintiff submitted a grievance against one of the guards, Grotts, another guard named R. Lynn, who is a friend of Grotts, retaliated against Plaintiff by "charg[ing]

me with [a] bogus charge" and thereafter keeping him in the prison's segregated housing unit (SHU) for an extended period, where conditions are harsh. Plaintiff has remained in SHU even though an administrative hearing found him not guilty of the "bogus charge."

(2) Numerous guards, including R. Lynn, have denied Plaintiff's requests for legal documents he needs to litigate an action in the Fifth Circuit. As a result, he "lost my appeal for want of prosecution" even though he believes he had a "guaranteed win" in that litigation otherwise.

Plaintiff also alleges that Grotts left a knife in Plaintiff's room. Plaintiff does not allege when this occurred, whether Grotts did so intentionally, and, if so, to what purpose, although the Court surmises from Plaintiff's third claim – "Creating Unsafe Environment" – that he believes Grotts's alleged action was intended to endanger Plaintiff.

He seeks monetary damages and other relief.

## II.
## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (repudiating prior rule whereby a "complaint may be dismissed for failure to state a claim [only] where it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (*quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1141, 1155 (9th Cir. 1989) (emphasis in original). A *pro se* civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (*per curiam*). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798-99 (9th Cir. 1991).

## III.
## FEDERAL COURTS MAY NOT HEAR CLAIMS AGAINST STATE DEFENDANTS SUED IN OFFICIAL CAPACITY FOR DAMAGES

As noted above, the Court must dismiss any *in forma pauperis* action that seeks damages from immune defendants. 28 U.S.C. § 1915(e)(2)(B)(3). One source of immunity is the Eleventh Amendment, which provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has held that the Amendment bars suits brought against a state by that state's own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Suits against state officials in their *official* capacity are tantamount to actions against the state itself, *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), and federal courts thus lack jurisdiction to entertain such suits. *Id*.

Here, Plaintiff seeks monetary damages from several state prison employees. He sues some in their individual capacity but sues *all* of them their *official* capacity. The Court lacks jurisdiction over the latter aspect of the claims.

# IV.

# COUNTS MUST BE SEPARATELY STATED –
# AND MUST CITE A FEDERAL LEGAL BASIS

Plaintiff improperly (1) wads together three would-be claims under a single "Claim I" heading and (2) fails to cite any federal law that the defendants allegedly violated.

Plaintiffs must state their various claims in separate counts, each identifying a discrete alleged violation of the Constitution or other law. FED. R. CIV. P. 10(b) ("Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."). As the Ninth Circuit has explained, separating the complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Here, Plaintiff appears to wish to assert at least three claims, for under the form complaint's heading of CLAIM I he has enumerated three rights allegedly violated, namely:

1. "Denial of Access to Legal document . . . ."
2. "Retaliatory Acts."
3. "Creating Unsafe Environment."

Comp. at 5. He similarly collapses his supporting factual allegations into a single "Claim I" portion of the complaint. He also cites no federal law(s) that the defendants allegedly

violated. Should Plaintiff choose to amend his complaint, then he must assert separately-captioned claims – I, II and III – with each stating

    (1)    the specific federal law or tort provision allegedly violated, *e.g.*, the right not to be subjected to Cruel and Unusual Punishment under the Eighth Amendment; and

    (2)    the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim*.

## V.
## CONCLUSION

Based on the foregoing, the Complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1)   **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2)   **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)   **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: May 13, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE